# E. HERSCHELL, ET AL., v. L. & H. BLUM.

## SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Separate Property—Evidence.*—To repel the presumption that property acquired during the marrtage is community property, the evidence ought to be clear and satisfactory.

*Community Property.*—If the wife during marriage borrows money for the purpose of engaging in business, it becomes community property, and is liable to execution for the husband's debts.

Appeal from Johnson county.

DeBerry & Smith, for appellants.

Poindexter & Padelfor, for appellees.

### STATEMENT.

This was a trial to the right of property in certain goods, on April 26th, 1880, appellees recovered a judgment in the county court of Galveston county against L. Herschell, (husband of appellant, E. Herschell) for $688, with interest at 12 per cent. per annum from May 21st, 1877, besides costs $14.25.

An execution upon this judgment was levied by the sheriff of Johnson county, upon certain property in the "Bismarck Saloon" as the property of L. Herschell, which was valued by the sheriff at $632.06.

On April 30th, 1880, appellant (E. Herschell), as claimant, joined by her husband, L. Herschell, filed her affidavit and claim bond with the sheriff, with G. H. Maxey, W. H. Graves, S. G. Graham and B. D. Simpson as sureties. The cause was tried April, 1882; verdict as follows: "We, the jury find for plaintiffs all the property except the bar fixtures, subject to execution, bar fixtures $75, one bar counter and two base shelves $25, one cooler $2,50, one lamp and hangings $25, two chromos $2—total $129.50."

Upon this verdict the court rendered judgment against Mrs. Herschell and her husband, and the sureties for the remaining value of the property, together with interest and ten per cent. damages, amounting in all to the sum of $637.67.

Motion for new trial was made and overruled, and the case comes up by appeal.

The assignments of error, twelve in number, have been abandoned except five. Such of these as are important will be noticed hereafter.

The plaintiffs have also filed an assignment of errors, but have not insisted on them in this court.

From the history of the case, it appears that L. Herschell (defendant in execution) had prior to 1878, been selling dry goods and had failed. He was in debt and insolvent. In the year 1878, (this is the case made by claimant,) Mrs. E. Herschell obtained from three rela-relations of hers, John Sonenberg, E. Diamond and John Strasberg, some $600, which she invested in the "Bismarck Saloon" and the fixtures and outfit.

The business was conducted in her name, the license so obtained. Her husband acted as one of her bar-keepers. Some of the liquors were bought on credit. The family was supported and rents paid out of the proceeds.

Sonnenberg appears to have loaned $300 of the sum above named and he took Mrs. Herschell's note. Diamond and Strasberg each loaned $150, but they took no notes. At some time afterward (but the date does not appear) they seem to have given to Mrs. Herschell the respective sums so advanced by them.

Mrs. Herschell claimed the property as exempt from her husband's debts, because it had been thus acquired and was her separate property.

### OPINION.

The first assignment of error relates to the following state of facts: The plaintiff introduced the witness House to prove that in 1876, L. Herschell and wife bought a lot in Cleburne; they then proved by House certain declarations by L. Herschell about the manner in which the lot was paid for and what was done with it. To this the claimant objected, chiefly on the ground that statements made by the husband could not be received to the detriment of the wife's separate rights of property. But it does not clearly appear from the bill of exceptions that the lot in question was bought and treated by the parties as the separate property of the wife. In the absence, therefore, of something more definite, we must conclude that the ruling of the court was correct.

The second assignment complains of the ninth paragraph of the

charge of the court, that to entitle Mrs. Herschell to recover, she must trace, by clear and satisfactory evidence, her separate funds through all the changes and mitigations through which the same may have passed, down to the property in question.

Counsel objects to this charge: 1st, because the jury are told that the evidence must be "clear and satisfactory." We see no objection to this language. Presumptively the property would be community. To repel this presumption, the evidence ought to be clear and satisfactory to the jury. The other objection is wholly without merit, because the judge, in speaking of Mrs. Herschell, says that "She must trace by clear and satisfactory proof," counsel infer that the impression was thus made upon the jury that the facts must be established by the testimony of Mrs. Herschell herself, and that they could not deduce them from the other evidence in the case.

In our opinion, the whole paragraph taken together would not be likely to mislead the jury. This disposes of the third assignment as well as the second.

We do not think it necessary to follow the assignments of error in their order any further. The whole case of the claimant proceeds upon the supposition that when she borrowed the money, in order to go into business, it became her separate property. But is that a correct view of the law ?

If she had received the money by gift, devise or descent, it would have been separate property without doubt, and she might have invested it in business without losing the exemption. But to borrow money for the purpose of engaging in business, is quite a different matter. If the husband should borrow money for such a purpose, it would certainly become community property. Upon what principle can the wife borrow money and make it her separate property ? Revised Statutes, article 2852.

We conclude that the money was community property and the property purchased with it, liable to execution for the debts of the husband.

There was, however, some evidence, that after the date of the loan, (but at what time is not explained) the money which had been loaned was given to Mrs. Herschell, and counsel insist that the subsequent gift would affect the preceding status of the fund and make it separate property from the date of the original loan. In answer we might say, that if the money loaned was actually invested be-

fore the date of the gift, then the effect of the gift would be, not to change the precedent character of the property, but merely to release the donor from the obligation of re-payment.

But we do not wish to express a decisive opinion, because the testimony is too vague and indefinite to enable us to come to a definite conclusion about the facts.

Our opinion is that there is no error in the judgment of which appellants can complain, and as appellees have waived their assignments of errors, we think the judgment should be affirmed. Delaney, J.